UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:13cv505 |
| ) | |
| SALVATION ARMY, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court on a motion for partial dismissal filed by the defendant, Salvation Army, on July 24, 2013. The plaintiff, William Smith ("Smith"), responded to the motion on August 7, 2013. The Salvation Army has declined to file a reply.

For the following reasons, the motion will be granted.

Discussion

The Salvation Army, a charitable and religious organization, operates a thrift store in South Bend, Indiana. (Complaint, ¶ 5). Smith worked at the thrift store from November 2007 until his separation in January 2013. (Complaint, ¶¶ 5, 10, 11). Smith's lawsuit arises from the termination decision, which he claims was discriminatory based on his perceived religious beliefs, his age, and his disabilities or perceived disabilities. (Complaint, ¶ 1). He asserts five claims, including violation of the Indiana Civil Rights Law (Ind. Code § 22-9-1-3). (Complaint, ¶ 19). The Indiana Civil Rights Law (Ind. Code § 22-9-1-3(h)) declares equal employment opportunity a civil right and prohibits discrimination by reason of race, religion, color, sex, disability, national origin, or ancestry. Ind. Code § 22-9-1-2(a), (b). The law clearly and unambiguously defines "employer" and excludes from that definition, (1) "any nonprofit corporation or association organized exclusively for fraternal or religious purposes," (2)

"any…charitable religious institution owned or conducted by or affiliated with a church or religious institution," and (3) "any exclusively social club, corporation, or association that is not organized for profit." Ind. Code § 22-9-1-3(h).

    Clearly, the Salvation Army falls within both the first and second exceptions, and is thus immune from liability under the Indiana Civil Rights Law.  First, the Salvation Army is a "religious movement which, in addition to preaching the gospel, provides an array of social services to the poor, including alcoholic rehabilitation. The Salvation Army is an exempt organization under section 501(c)(3) of the Internal Revenue Code." *Salvation Army v. Department of Revenue*, 524 N.E.2d 628, 629-30 (Ill. App. 1988) (*citing* I.R.C. § 501(c)(3) (1954)).  Smith does not dispute the Salvation Army's  religious nature. (Complaint, ¶ 5). The elements of the first exception (§ 22-9-1-3(h)(1)) are met and the Salvation Army is not an employer under the Indiana Civil Rights Law.

    The Salvation Army is also immune from liability under the second exception, codified at I.C. 22-9-1-3(h)(2). Smith alleges and acknowledges that the Salvation Army "is a charitable and religious organization." (Complaint, ¶ 5). Smith also alleges and acknowledges that the Salvation Army operates the thrift store where he worked. (Complaint, ¶ 5). Thus, the Salvation Army falls within the second exception. This conclusion has been confirmed by the Indiana Court of Appeals. *See Indiana Civil Rights Commission v. Salvation Army Adult Rehabilitation Center*, 685 N.E.2d 487 (Ind. Ct. App. 1997) ("*ICRC v. SAARC*") (affirming the decision of the lower court holding The Salvation Army Adult Rehabilitation Center—which operated a thrift store where the plaintiff worked and was owned by The Salvation Army—was not an employer under the Civil Rights Law).

Smith does not argue this case is distinguishable from *ICRC v. SAARC*, but instead argues this Court should "reconsider[] or modif[y]" the holding "because it excludes defendant from coverage of the law despite an employee's performance of secular duties." (Complaint, ¶ 19). Smith claims that the immunity from suit upheld in *ICRC v. SAARC* violates the First Amendment of the United States Constitution, and also violates the Indiana Constitution.

Smith cites to Fed.R. Civ. Proc. 5.1 and requests that "this Court issue the appropriate notice to the Attorney General of Indiana to allow that official the opportunity to intervene in this case." Smith further requests that further briefing on the current motion to dismiss be stayed.

> Rule 5.1 provides:
>
> (a) NOTICE BY A PARTY. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
>> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
>>
>> (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or
>>
>> (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
>>
>> (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.
>
> (b) CERTIFICATION BY THE COURT. The court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned.

Although Smith requests that the court certify the question to the appropriate attorney general, Smith apparently has not provided notice as required by Rule 5.1(a). Furthermore, there is no indication that Smith has complied with Local Rule 5.1-1 which states:

(A) When to File the Notice.  A party required to file a notice of constitutional question under Fed. R. Civ. P. 5.1 must do so by the later of

(1) the day the parties tender their proposed case-management plan (if one is required) or

(2) 21 days after filing the pleading, written motion, or other paper questioning the constitutionality of a federal or state statute.

(B) Service on Government Officials.  The party must also serve the notice and the pleading, written motion, or other paper questioning the constitutionality of a federal or state statute on:

(1) the Attorney General of the United States and the United States Attorney for the Northern District of Indiana, if a federal statute is challenged; or

(2) the Attorney General for the state if a state statute is challenged.

(C)  Method of Service on Government Officials.  Service required under subdivision (b) may be made either by certified or registered mail or by emailing it to an address designated by those officials for this purpose.

Since Smith has not complied with either Rule 5.1(a) or Local Rule 5.1-1, and the time for doing so has expired, the court will grant the Salvation Army's motion for partial dismissal, which requests dismissal of Smith's fifth claim.

## Conclusion

On the basis of the foregoing, the Salvation Army's motion for partial dismissal [DE 9] is hereby GRANTED.

Entered: September 23, 2013.

s/ William C.  Lee
William C. Lee, Judge
United States District Court